IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STACEY W. BRACKENS,

                Plaintiff,

        vs.                              Case No. 05-2083-JTM

USA CREDIT, USA SHOPPING MARKET,

                Defendants.

MEMORANDUM AND ORDER

       This matter is before the court as a result of the court's earlier order to show cause why default judgment should not be entered against the defendants, a Pennsylvania shopping company and its related credit extension company. Both defendants are owned by Commonwealth Marketing Group, Inc. (CMG), a Pennsylvania corporation. The court's earlier order details the efforts of the pro se plaintiff to obtain service of process on defendants, and notes that on July 26, 2005, the United States Magistrate Judge had authorized service by mail on the registered agents of the defendants at the address designated for service by the Pennsylvania Secretary of State for USA Credit and USA Shopping Club.

       The response to the order to show cause does not contend that defendants were not presented with process. Process was presented but refused because the names set forth in the process and complaint do not exactly match the defendants' true corporation names. Plaintiff's complaint names one defendant as "USA Shopping Market"; the correct name is "USA Shopping Club." The complaint names the other defendant as "USA Credit, Inc."; the correct name is simply "USA

Credit." Defendants also stress that there is an unrelated corporation registered to do business in Pennsylvania, "USACredit, Inc."

The court finds defendant's contention that they have yet to be served with process to be unpersuasive. Several conclusions can be gleaned from the existing record. First, the record suggests that defendants were aware of the controversy between themselves and the plaintiff. The defendants' response to the show cause order acknowledges that "[f]or nearly one year, plaintiff has been involved in a commercial dispute related to his failure to pay for goods purchased from USA Shopping Club using credit supplied by USA Credit." (Dkt. No. 17, at 1). Certainly the defendants make no attempt in their response to controvert the allegations advanced in the complaint that Brackens has, prior to the present litigation, repeatedly complained to one of its managers. (Dkt. No. 1, at ¶ 14).

Second, it is apparent that process was in fact presented to the defendants at the correct prescribed address, but that defendants simply refused to accept the service. (Dkt. No. 17, at 2). Finally, the defendants in their response stress that "CMG has been very careful to maintain its registrations and its fictitious name registrations so as not to be confused with other legal entities with similar names in the Commonwealth of Pennsylvania." (Id.) In other words, defendants were aware of the existence of very similarly-named corporate entities.

The court finds that the minor differences in corporate names are immaterial to whether service was accomplished. Although the heading of the complaint misidentifies one defendant as "USA Credit, Inc.," which is similar to "USACredit, Inc.," an existing and separate legal entity in Pennsylvania, rather than correctly naming the corporation as CMG's "USA Credit," the body of the complaint repeatedly identifies this corporate defendant correctly as "USA Credit." (Dkt. No. 1, at

2

¶¶ 4, 14, and p. 8).  And while the complaint also mistakenly identifies the other defendant as "USA Shopping Market," rather than the correct "USA Shopping Club," it also appears that there is no alternate, similarly-named entity in Pennsylvania: a search for "USA Shopping" in the Pennsylvania Secretary of State's corporate database produces only a single result – CMG's "USA Shopping Club."

In *Scottsdale Ins. Co. v. Littlepage*, No. 92-2734, 1993 WL 275162 (E.D.Pa. July 16, 1993), the defendant contended it was not properly served because plaintiff had named in the service of process "Scotland Yard Security Services," while the correct name of the defendant was "Scotlandyard Security Services, Ltd."  The court rejected his argument, holding that the error was not significant for purposes of concluding that service had been accomplished:  "We find, however, that because Scottsdale mailed all of the litigation-related correspondence to Scotland Yard's correct business address, and the alleged misnomer was of the most minute sort that in no way rendered the intended recipient unidentifiable, we do not believe that the misnomer rendered the service of process insufficient."  1993 WL 275162 at *3.

In *McManus v. Washington Gas Light Co.*, 1991 WL 222345 (D.D.C., Oct 15, 1991), plaintiff served "Washington Gas & Light Company" rather than "Washington Gas Light Company."  The court denied defendant's motion to dismiss, concluding:  "In a situation where the only error is a misnomer, there is no prejudice, and the purpose behind the service of process rules has been fulfilled, justice is better served by denying the motion to dismiss.  1991 WL 222345 at *6 (*citing Cobb v. Stringer*, 660 F.Supp. 1133, 1136-7 (W.D.Ark.1987); *Tention v. Southern P.R. Co.*, 336 F.Supp. 25, 25 (D.S.C.1972)).

The Sixth Circuit has reached a similar conclusion in *Triangle Distributing, Inc. v. Shafer, Inc.*, No. 90-4042, 1991 WL 164333 (6th Cir. Aug. 23, 1991), where plaintiff's complaint was served in the name of the corporate defendant's trade name ("Front Row Video") rather than its actual name ("Towne Center, Inc."). The court held the error was mere misnomer which could be corrected under Fed.R.Civ.Pr. 4(h) and 15(c). "The summons and complaint were personally served upon William Cohen, the sole officer of both Towne Centre and Wilmar, at the premises of "Front Row Video." William Cohen, as the president of "Front Row Video," had dealt with Triangle concerning the $17,000 in video tapes. The complaint was directed at "Front Row Video" and it had to be obvious to Cohen that the corporate name was simply an error.

The Tenth Circuit has followed this approach. In *Thompson v. Liberty Mut. Ins. Co. of Boston, Mass.*, 390 F.2d 24 (10th Cir. 1968), the court held that the plaintiff had not properly served a defendant when it had incorrectly served "Engine Propulsion Corporation" rather than the correct defendant: "Propulsion Engine Corporation." However, the court reached this conclusion because service had been accomplished through service on the Secretary of State, and that that office had not forwarded notice of the suit to the corporation, with the result that there was no actual notice to the corporation:

> Had Propulsion been notified in some manner of the suit the mistake in the corporate names may not of had any great significance. But in the absence of any kind of notice to Propulsion the use of an incorrect corporate name can mean only that the process issued by appellant did not serve to bring any corporate entity into the jurisdiction of the court.

390 F.2d at 27 (footnote omitted). In the court's footnote to the first quoted sentence, the court observed that "[t]he general rule of law is that a misnomer in service of process is immaterial if service is duly made. *See* Corporations, 19 Am.Jur.2d, § 1470."

4

Under *Thompson*, the touchstone of the validity of service is the reality of notice, not the form of the corporate name utilized. As the authority cited in *Thompson* currently observes, "A misnomer is not fatal when it is sufficiently close to the corporation's true name as to distinguish it from other corporations." Corporations, 19 Am.Jur.2d, § 1919 (May 2005). *See also Tremps v. Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir.1977) ("A defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them."); *United States v. A.H. Fischer Co., Inc.*, 162 F.2d 872, 873 (8th Cir.1947) ("A suit at law is not a children's game but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.").

In sum, the court finds that the defendants were properly served with process on August 25, 2005, when the summonses were returned unexecuted. (Dkt. Nos. 13, 14). Any reasonable person in the position of the defendants, when presented with the summons and complaint, would have understood that suit was being brought against these defendants, the minuscule differences in corporate names notwithstanding. This is particularly true where (1) one of the defendants is accurately identified in the body of the complaint, (2) the defendants were aware of the similarly-named Pennsylvania corporations and hence the chances for confusion, and (3) the existence of an ongoing controversy with the plaintiff. Were defendants to challenge service by motion, the result would merely be to permit plaintiff to amend the complaint pursuant to Rule 15(c), not dismissal of the action.

5

However, while these facts establish that service was accomplished on August 25, 2005, the court finds sufficient good faith doubt about the issue may have arisen and so serve as grounds for finding good cause for setting aside any default under Rule 55(c).  Defendants shall have 20 days from the date of this order to file an answer or other responsive pleading to plaintiff's complaint.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2005, that the plaintiff's Motion to Reinstate/Motion for Default (Dkt. No. 12) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE